IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL WINESTOCK, #27813-037    *    Civil No. WMN-07-1109
                                                      Criminal No. WMN-90-0454

    Petitioner    *

      v.    *

UNITED STATES OF AMERICA    *

    Respondent    * * * * * * * *

MEMORANDUM

    Pending is a pro se Motion for Relief from Judgment Pursuant to Fed R. Civ. P. 60(b)(6) filed by Paul Winestock, an inmate at the Federal Correctional Institution at Fort Dix. The pleading is properly considered as a successive 28 U.S.C. § 2255 and the court will dismiss it without prejudice for lack of jurisdiction.

**Claims Presented**

    Winestock claims that he is entitled to relief under Rule 60(b)(6) based on a mistake of law. Specifically, he claims this court improperly concluded at resentencing that it lacked authority to grant a downward departure for extraordinary post-conviction rehabilitation.

**Background**

    Petitioner is serving 360 months incarceration for cocaine trafficking. In 1997, the United States Court of Appeals for the Fourth Circuit affirmed his convictions. *See United States v. Winestock*, 110 F. 3d 62 (4th Cir.), (per curiam) (unpublished table decision) *cert. denied*, 522 U.S. 855 (1997). The Fourth Circuit affirmed the sentence imposed by this court after it granted Winestock's motion for resentencing based on a retroactive amendment to the sentencing guidelines.

*See United States v. Winestock*, 187 F. 3d 633 (4th Cir.) (per curiam) (unpublished table decision).

In 2000, Winestock filed for collateral relief under 28 U.S.C. §2255. The court denied his §2255 motion on November 5, 2001. *See Winestock v. United States*, Civil Action No. (D. Md). Winestock's motion for reconsideration was denied on February 6, 2002. Winestock appealed the denial of his §2255 motion and subsequent motion for reconsideration. The Fourth Circuit denied a certificate of appealability, and dismissed the appeal. *See United States v. Winestock*, 43 Fed. Appx. 685, 686 (4th Cir. 2002) (per curiam). In *United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003), the appellate court ruled that Winestock was not entitled to authorization to file a successive post conviction application. *See Winestock,* 340 F. 3d at 208 (4th Cir. 2003) (vacated and remanded for dismissal for lack of authorization to file a successive § 2255 petition). Winestock's subsequent 28 U.S.C. §2255 motions for collateral relief have been dismissed for lack of authorization from the Fourth Circuit to consider a successive application. *See* Civil Action Nos. WMN-05-1755; WMN-06-801; Civil Action No WMN-07-933 (D. Md).

**Analysis**

As a preliminary matter, this court must decide whether the instant pleading is properly construed under Rule 60(b) or as a 28 U.S.C. §2255 application for federal habeas relief. A Rule 60(b) motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits," is in fact a second or successive petition for writ of habeas corpus. *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005).[1] In *Gonzales*, the United States Supreme Court recognized that the term "on the merits" has multiple usages, and that a petitioner is not

---

[1] The Federal Rules of Civil Procedure do not provide a vehicle to challenge a criminal judgement or sentence. *See* Fed. R. Civ. P. 1 (stating "these rules govern the procedural in the United States district courts in all suits of a civil nature); *United States v. O'Keefe,* 169 F. 3d 281, 289 (5th Cir. 1999); *United States v. Mosavi*, 138 F. 3d 1365, 1366 (11th Cir. 1998).

2

making a habeas corpus claim "when he merely asserts that a previous ruling which precluded a merits determination was in error- for example, a denial for such reasons as failure to exhaust, procedural default, or statute of limitations bar." *Id.* at 532 n. 4. Such motions attack "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzales,* 545 U.S. at 532 (2005).

If a Rule 60(b) motion attempts to revisit a federal habeas court's denial on the merits, it should be dismissed as a successive to prevent petitioners from using collateral review to circumvent the rule against successive petitions. *See id.* at 534 (citing *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). The Fourth Circuit has explained that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *Winestock*, 340 F. 3d at 207. The instant claim challenges Winestock's sentence, not the federal collateral review process. Accordingly, the pleading is properly construed under 28 U.S.C. §2255.

As such, the instant pleading is a successive 28 U.S.C. §2255 motion,[2] and may not be considered by this court absent leave to do so from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997).[3] Without evidence that Winestock has secured such authorization, the court must dismiss this successive §2255 motion for lack of jurisdiction. *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir.

---

[2]*See supra* p. 2.

[3]The court will direct the Clerk to mail petitioner an information packet for obtaining authorization to file a successive 28 U.S.C. §2255 motion in the United States Court of Appeals for the Fourth Circuit.

3

2000).

Accordingly, the petition will be dismissed without prejudice. A separate order follows.

5/15/07
Date

William M. Nickerson
Senior United States District Judge

4